*U.S. v. Dowdell*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 20-4094

ZEPHANEEA DOWDELL, AKA ZEPH,

> *Defendant-Appellant,*

DERRICK WILSON, AKA SONNY BLACK, AKA D-ELLIS,
JEFFREY DOWDELL, AKA JD, AKA HOV,
TASHAWN ALBERT, AKA KNOCK OUT, AKA KO, AKA DIRT,
KYLE DOWDELL, AKA BLEEK, QUONTA ALBERT, AKA RICHIE,
GENERAL DAVIS, JR., AKA ICEBERG,
WILLIE STRONG, JR., AKA BOURNE GRIMEY, AKA BG,
AKA WILLIE STRONG, JAMALL HARRIS, AKA MEL,
JAMES HANDFORD, AKA FREAK, LASHAWNDREA JOHNSON,

AKA COUNTRY, JAMES HUDSON, AKA HOODIE,
DARNYL APGAR, AKA PUN,

     *Defendants.*

_____

FOR APPELLANT:               THOMAS M. ROBERTSON, Law Office of Thomas M. Robertson, Esq., Syracuse, NY.

FOR APPELLEE:              RAJIT S. DOSANJH (Carla B. Freedman, *on the brief*), *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 30, 2020, is **AFFIRMED**.

Zephaneea Dowdell appeals from a judgment imposing a 24-month sentence of incarceration for her admitted violations, on ten separate occasions, of five conditions of her supervised release. The 24-month sentence represented an upward departure from the four-to-ten-month range recommended by the Sentencing Commission's non-binding policy statement.

Dowdell was subject to supervised release as a part of her original sentence, following her January 2015 guilty plea to conspiring to possess with intent to distribute and to distribute 280 grams or more of cocaine base and an unspecified amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In August 2017, the district court sentenced Dowdell principally to a term of imprisonment of time served (74 days) and four years of supervised release. This represented a significant downward departure from Dowdell's

Sentencing Guidelines range of 97 to 121 months of imprisonment, with a ten-year statutory mandatory minimum for her crime of conviction.[1]

In March 2020, Dowdell admitted to violating four conditions of her supervised release on eight total occasions: in October 2018, she interacted with someone who has been convicted of a felony without probation's permission; between January and March 2020, she used controlled substances, as reflected in her five positive drug tests for marijuana in that period; in January 2020, she failed to appear for a scheduled drug test; and in March 2020, she used alcohol. Pending her sentencing for those violations, Dowdell was released on home confinement. Sentencing was repeatedly delayed because of her ongoing health issues and those of her daughter. On November 24, 2020, before sentencing, Dowdell admitted to violating yet another condition of her supervised release based on travel outside the judicial district on two occasions without permission: first, to Yonkers, New York, in July 2020, and then to Niagara Falls, New York, in October 2020.

After Dowdell admitted to the supervised release violations, the district court sentenced Dowdell to a 24-month term of imprisonment with no term of supervised release to follow. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review procedural and substantive challenges to sentences for violations of supervised release for "reasonableness." *United States v. Lewis*, 424 F.3d 239, 243 (2d Cir. 2005). The "reasonableness" standard is "a particularly deferential form of abuse-of-discretion review." *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008).

1.  Procedural reasonableness

Dowdell first argues that the sentence imposed by the district court was procedurally unreasonable. When determining a sentence for a violation of supervised release, a district

_____

[1] Notwithstanding the characterization as a "mandatory minimum," Congress has authorized courts to impose a sentence below the statutory minimum in certain limited instances. *See* 18 U.S.C. § 3553(e)–(f).

court must consider the 18 U.S.C. § 3553(a) statutory sentencing factors. We assume "that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors," unless there is record evidence suggesting to the contrary. *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008). Although a district court must articulate its reasoning for imposing a sentence that varies upward, we require "less rigorous specificity" when the sentence imposed is for a violation of supervised release. *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020).

Because Dowdell did not raise her procedural objections at sentencing, we review her challenge for plain error. *See Verkhoglyad*, 516 F.3d at 128. The plain-error standard requires Dowdell to show that "there was (1) error (2) that is plain and (3) that affects substantial rights." *United States v. Cossey*, 632 F.3d 82, 86–87 (2d Cir. 2011) (*per curiam*).

We identify no procedural error on the part of the district court. Dowdell argues that the district court "failed to state the reason a sentence more than double the highest guideline range was necessary." Appellant's Br. at 9. Dowdell's argument is contradicted by the record. At sentencing, the district court explained that the primary reason it was imposing a sentence above the range provided by the policy statement was Dowdell's "repeated violations . . . of the trust of this Court, . . . despite [being] given opportunities." App'x at 84–85. It observed that, despite the "accommodation[s]" it had provided by delaying her sentencing for more than seven months, "during that time it's been apparent to the Court that she continues to violate the trust of this Court." *Id.* at 85. It concluded that Dowdell's "violations traveling outside the district most notably without permission," as well as the other violations she previously admitted to, "strongly suggest her lack of consideration and respect for what she's supposed to be doing on supervised release and her obligation to this Court." *Id.*

The district court emphasized that, in her original sentence, Dowdell received an "incredible consideration and break" through the court's downward departure from the applicable Guidelines range. *Id.* at 86. It specifically referenced application note four to the Sentencing Guidelines' relevant policy statement as describing Dowdell's circumstances. *See*

4

U.S.S.G. § 7B1.4 cmt. n.4. The note provides that, "[w]here the original sentence was the result of a downward departure (*e.g.*, as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." *Id.*; *see also* App'x at 86 (district court referring to note four as "exactly the situation in this case"). And the district court reiterated these points—both Dowdell's "serious breach of the Court's trust" by continuing to engage in multiple supervised release violations and the downward departure that Dowdell originally received—in its written statement of reasons. App'x at 89.

This on-the-record explanation readily fulfills the district court's obligation to "state in open court the reasons for its imposition of a particular sentence." *Aldeen*, 792 F.3d at 251 (alteration omitted). Moreover, both the district court's statements at the hearing and its written judgment explained with "enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand" the compelling justifications for the sentence imposed, especially under the "less rigorous" standard that we apply to review of sentences for violations of supervised release. *Id.* at 252–53. We see no procedural error in this record.

Dowdell also argues that the district court gave inadequate consideration to the applicable section 3553(a) factors. Under 18 U.S.C. § 3583(e), a district court must consider a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a) when revoking supervised release. Our practice on review is as follows: "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration required by 18 U.S.C. § 3583(e) has occurred." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012) (alteration omitted).

Here, Dowdell does not point to any record evidence that suggests that the district court did not consider or understand the required sentencing factors. Rather, the record reflects that the court expressly addressed many of the required factors, including Dowdell's history and characteristics and the relevant Guidelines range and policy statements. The

court implicitly rejected Dowdell's various arguments for leniency based on her prior period of compliance, family commitments, and her physical and mental health issues, instead finding that a lengthier period of incarceration was appropriate based on Dowdell's repeated violations of the terms of her supervised release. To the extent the district court did not expressly address each pertinent section 3553(a) factor when imposing sentence, it did not err: it was not required to do so. *See id.*; *see also Verkhoglyad*, 516 F.3d at 131.

For these reasons, we conclude that the district court did not commit a procedural error, much less one that is plain.

2. Substantive reasonableness

Dowdell also asserts that her sentence is substantively unreasonable. We vacate a sentence for substantive unreasonableness "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). We do not use substantive reasonableness review as "an opportunity for tinkering with sentences we disagree with," because "we place great trust in sentencing courts." *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (internal quotation marks omitted).

Dowdell's substantive unreasonableness argument turns on her contention that the "reason for the excessively harsh sentence" was "allegations of conduct that in 'good faith' could not be sustained." Appellant's Br. at 14. In particular, she suggests that in its sentencing choice the district court was motivated by allegations that arose in November 2020, after a search warrant targeting Dowdell's son was executed at her home, and crack cocaine, baggies, and scales were found inside a closet in the bedroom Dowdell shared with her husband. At sentencing, however, the government explained that it "could not in good faith take an admission" to this alleged violation: it had since learned that no officer saw Dowdell near the closet where the drugs and related paraphernalia were recovered; the closet seemed to be the exclusive domain of her husband; and her husband had stated that the recovered crack cocaine belonged to him. App'x at 73–74. Further, Dowdell denied having

6

any knowledge that her son was engaged in the drug-related activity that led to the execution of the search warrant at her house.

The record does not support Dowdell's characterization that this November 2020 allegation was the district court's main reason for varying upward and imposing a 24-month sentence. Although the district court expressed the view that it was "incredible" for Dowdell to say that she knew nothing about the drug-related activity when it was happening "all around" her, App'x at 83, neither the "incredible" statement nor the related allegation lay at the heart of the district court's justification for her sentence. Instead, the district court emphasized that the reason it imposed the upward departure was the breach of trust that it saw in Dowdell's "continuous violations despite given opportunities," including a heightened sense of breach following the very lenient sentence of time served that she initially received. App'x at 85.

More fundamentally, the sentence imposed by the district court was well supported by the violations that Dowdell admitted to, even setting aside the allegations about the drug-related activity happening at her house and what she may have known about it. When revoking supervised release, "the court should sanction primarily the defendant's breach of trust." *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007), *superseded by statute on other grounds as recognized in Smith*, 949 F.3d at 64. The district court did so here. The breaches of trust that Dowdell admitted to included violating five conditions of her supervised release in ten separate incidents, which even she recognizes to be a "spotty supervision record." Appellant's Br. at 14. The breach of trust was particularly acute with respect to her admitted violation of twice leaving the judicial district without permission, including trips of some distance—to Yonkers and to Niagara Falls. Those trips occurred *after* her first revocation hearing in March 2020, during which she was warned that future violations will be "a huge problem which will be seriously reflected in the sentence that you will receive." App'x at 57.

The 24-month sentence exceeded the non-binding advisory range of four to ten months based on the Sentencing Commission's policy statement.[2] Even so, it was well within the district court's discretion: the 24-month sentence was less than half of the maximum five-year term of imprisonment that was set by the fact that her underlying conviction was a Class A felony. *See* 18 U.S.C. § 3583(e)(3); *see also United States v. Ramos*, 979 F.3d 994, 999 (2d Cir. 2020) ("In imposing a sentence for violation of supervised release, the sentencing judge may freely impose a term lower or higher than the recommended Guidelines range[.]"); *United States v. Pelensky*, 129 F.3d 63, 70 (2d Cir. 1997) (imposition of statutory maximum 36-month term of imprisonment was reasonable based on the defendant's "consistent disregard for court orders" and "demonstrated inability to complete drug treatment outside of prison" despite five-to-eleven-month guidelines range).

The substantive reasonableness of Dowdell's sentence is further supported by the application note to the policy statement that the district court cited in open court and in its written judgment. That note explains that "an upward departure may be warranted" when, as here, "the original sentence was the result of a downward departure." U.S.S.G. § 7B1.4 cmt. n.4; *see also* App'x at 86, 89. Dowdell's original sentence of time served meant that she served only 74 days of imprisonment, even though the Guidelines range for her underlying conviction was 97 to 121 months of imprisonment with a ten-year mandatory minimum in the ordinary case. The dramatic downward departure in Dowdell's initial sentence supports the reasonableness of an upward departure when Dowdell's supervised release was revoked after her persistent violations of the terms of her supervised release.

Indeed, we have recognized that when a district court revokes a defendant's term of supervised release after a violation, a resentence that falls within the range for the underlying crime of conviction will "rarely" be found substantively unreasonable. *Verkhoglyad*, 516 F.3d at 135. That is so, we have explained, because "[t]o hold otherwise would be to suggest that a defendant is in a better position to argue the substantive unreasonableness of a Guidelines

---

[2] As we have explained, "[i]n formulating sentencing ranges for violations of probation and supervised release, the Sentencing Commission specifically limited itself to policy statements rather than formal guidelines," and these policy statements are "only advisory." *Verkhoglyad*, 516 F.3d at 128.

sentence for a particular crime of conviction *after* violating probation than he is before breaching the court's trust." *Id.* (emphasis in original). The term of imprisonment Dowdell received on revocation of her supervised release is far below the Guidelines range for her initial conviction.

All in all, we easily conclude that the district court acted within the permissible bounds of its discretion in imposing a 24-month term of incarceration that exceeded the range recommended by the Sentencing Commission's policy statement.

* * *

We have considered Dowdell's remaining arguments and find in them no basis for reversal. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court